# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION

REPUBLICAN NATIONAL COMMITTEE;
MISSISSIPPI REPUBLICAN PARTY; JAMES
PERRY; and MATTHEW LAMB,

*Plaintiffs,*

vs.

JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County;* TONI JO DIAZ, BECKY PAYNE, BARBARA KIMBALL, CHRISTENE BRICE, and CAROLYN HANDLER, *in their official capacities as members of the Harrison County Election Commission;* and MICHAEL WATSON, *in his official capacity as the Secretary of State of Mississippi,*

*Defendants.*

No. 1:24-cv-25-LG-RPM

## DECLARATION OF POLLY TRIBBLE ON BEHALF OF DISABILITY RIGHTS MISSISSIPPI

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I, Polly Tribble, am over the age of 21 and fully competent to make this declaration. Under penalty of perjury, I declare the following based on my personal knowledge.

2. I have been the Executive Director of Disability Rights Mississippi ("DRMS") since 2017

1

and have worked at this agency in various roles over the course of 30 years. In my current position, I oversee the day-to-day management of all of DRMS' operations.

## BACKGROUND OF DISABILITY RIGHTS MISSISSIPPI

3. Since 1982, DRMS has provided advocacy services -free of charge -to Mississippians with disabilities. Our agency has helped improve the lives of thousands of our state's most vulnerable population by championing their rights.

4. DRMS is incorporated as a non-profit organization in the State of Mississippi and has been designated by the State of Mississippi since 1982 as the State's protection and advocacy system ("P&A") to protect the legal and human rights of individuals with disabilities in the state of Mississippi. This designation is currently pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801 et seq., the Developmental Disabilities Assistance and Bill of Rights Act of 2000, ("PADD") 42 U.S.C. § 15041 et seq., and the Protection and Advocacy for Individual Rights Program of the Rehabilitation Act, 29 U.S.C. § 794e ("PAIR").

5. As the designated P&A, DRMS is authorized to pursue administrative, legal, and other appropriate remedies to protect and advocate for the legal rights of individuals with disabilities and to redress incidents of discrimination in the state. DRMS has the authority to prosecute actions in its own name and on behalf of its constituents. 42 U.S.C. § 15043(a)(2)(A)(i). DRMS is the only disability advocacy agency in Mississippi with attorneys on staff to pursue legal remedies if necessary.

6. DRMS represents the interests of, and is accountable to, members of the DRMS disability

2

community, and its funding is dependent on compliance with a governance structure that ensures oversight and control by the disability community.

a. DRMS is governed by a Board of Directors -many of whom have a disability or a family member with a disability. Our 11 Board members have diverse experience and represent different regions of the state.

b. For the purposes of PAIMI-related work, DRMS' PAIMI Advisory Council is charged with supplying information about issues relating to individuals with psychiatric disabilities. They provide independent advice and recommendations; work jointly with our Governing Board in the development of policies and priorities; and contribute to our annual report. This Council is composed of people who have psychiatric disabilities, or are family members of, or work directly with, people with psychiatric disabilities.

c. DRMS seeks public input on the direction of its work through its Board of Directors, PAIMI Advisory Council, and other public forums and presentations. DRMS also has a grievance process whereby community members can file complaints about DRMS's services.

7. DRMS participates in this action on behalf of its constituents who are qualified voters with disabilities throughout the state. DRMS's constituents are residents of Mississippi with disabilities, as that population is defined by federal and/or state law.

8. DRMS' constituents for our voting assistance include all voters with disabilities throughout Mississippi, including people who are in institutions, such as nursing facilities, psychiatric hospitals, group homes, jails, prisons, and other congregate settings. Central to our mission is empowering Mississippians with disabilities to participate fully and independently

3

as active and engaged citizens.

9. DRMS has been an organizational Plaintiff in a number of cases, including but not limited to *Eric Wallace et al v. Mississippi Dept. of Correction et al*; Cause No. 3:21-cv-516-CWR-LGI (S.D. Miss., filed Aug. 2021)[1], *DRMS et al. v. Lynn Fitch et al*; Cause No. 3:23-cv-350-HTW-LGI (S.D. Miss., filed May 2023)[2], and J.H., et al v. Hinds County, Mississippi; Cause No. 3:11-cv-327-DPJ-FKB (S.D. Miss., June 2, 2011)[3]

## **DRMS' VOTING WORK**

10. Ensuring and promoting access to voting by people with disabilities is germane to DRMS's purpose and is directly in keeping with DRMS's overarching purpose: the protection of, and advocacy for, the rights of Mississippians with disabilities. Access to the ballot is important for all citizens, and we strive to ensure all aspects of public life - including voting, as well as access to buildings, employment, and education - are inclusive to people with disabilities. Mississippians with disabilities are often overlooked in the voting process, and it's our job as a P&A to ensure they have access to voting on equal terms with people without disabilities and that their vote is counted. In sum, voting work is crucial to our mission.

11. Our clients have expressed that voting and participation in the electoral process is their way to make sure their voices are heard. We have dedicated resources to creating Election Day services which provide addressing requests and concerns from people with disabilities who

---

[1] This is a case challenging the Mississippi Department of Corrections over lack of adequate mental health care, medical care, and ADA accessibility issues. This case is currently ongoing.
[2] This is a case challenging Mississippi Senate Bill 2358 which restricts voters with a disability from having a person of their choice assist in submitting their mail-in ballot. This case is currently on appeal in the 5th Circuit Court of Appeals.
[3] This was a class action case which protected the federal rights of children detained in Hinds County's youth detention facility.

face access challenges and barriers to the voting process. This could mean an inability to access a polling location, to issues with navigating the absentee ballot process, to obtaining appropriate identification they will need for voting.

12. Absentee voting is a crucial and popular method for people with disabilities to have their voices heard on Election Day. Our agency provides education and training to people with disabilities, including those in institutions and facilities, on how to obtain and submit their absentee ballot.

13. DRMS is the designated agency in Mississippi to receive an annual grant, called Protection and Advocacy for Voting Access ("PAVA") pursuant to the Help America Vote Act ("HAVA"). Under that program, DRMS is required to promote access and engagement in the electoral process for voters with disabilities. DRMS's current goals for the PAVA program are to promote full participation in the electoral process for individuals with disabilities, including educating candidates on campaign accessibility, encouraging exercise of constitution rights, and reassessing methods for determining polling site accessibility and distributing that data. We also hold voter registration events and pursue alternative educational and awareness methods, such as traditional and digital advertising.

## POTENTIAL IMPACT TO DRMS & ITS CONSTITUENTS

14. Absentee-by-mail voting is a crucial and empowering mechanism for Mississippians with disabilities, providing them with a means to exercise their fundamental right to vote without facing the barriers that physical limitations may present. For individuals with disabilities, the option to vote by mail ensures accessibility and convenience, allowing them to participate in

5

the democratic process on equal footing with their fellow citizens.

15. One vital aspect of absentee-by-mail voting that significantly impacts Mississippians with disabilities is the ballot deadline receipt rule. The current rule, which allows for the receipt of absentee ballots beyond Election Day, plays a pivotal role in accommodating the unique challenges faced by individuals with disabilities. It acknowledges the potential difficulties they may encounter in navigating the voting process, such as transportation constraints and physical impediments, by providing a more flexible time frame for ballot submission. Simply put, it provides a bit of flexible safety net to ensure that every vote gets counted - even if there were some issues with obtaining, filling out, or submitting your ballot.

16. If the deadline for receipt reverts to Election Day, it could disproportionately disenfranchise individuals who rely on the convenience and accessibility of absentee voting. This potential change may create undue hardship, hindering the ability of people with disabilities to cast their votes effectively.

17. The likely harm that may arise if the deadline for receipt changes back to Election Day is significant. It could lead to increased barriers, excluding a portion of the population from the democratic process. Mississippians with disabilities may find it more challenging to overcome logistical obstacles and participate in elections, thereby undermining the principles of inclusivity and equal representation.

18. DRMS has been and continues to be at the forefront of educational and advocacy efforts to promote and facilitate absentee voting for individuals with disabilities, specifically by informing Mississippians with disabilities about the importance of absentee voting and the

6

specific provisions, such as the ballot deadline receipt rule, that are in place to accommodate their needs.

19. By conducting workshops, disseminating informational materials, and engaging in community outreach, DRMS has been instrumental in breaking down barriers and ensuring that individuals with disabilities are well-informed and confident in utilizing the absentee voting option.

20. Any attempt to rollback the accommodations that are afforded by the extended deadline past Election Day would harm or frustrate the organization's efforts by potentially dismantling the very provisions that make absentee voting accessible for individuals with disabilities.

21. Mississippi's election policies are characterized by stringent regulations, posing significant impediments to the facile exercise of voting rights by eligible individuals. Further, Mississippi's absentee voting eligibility criteria is exceptionally restrictive, requiring a majority of qualified individuals to still vote absentee in person at their county circuit clerk's office before Election Day. Those considered "entitled" to vote by mail primarily include individuals with physical disabilities and individuals aged 65 and above.

22. Even when someone slips into this narrow category to mail their absentee ballot, the obstacles and complexity of the process continues. Any changes to the current absentee voting provisions, including the ballot deadline receipt rule, could erode the progress made in promoting inclusivity and equal access to the electoral process, especially since Mississippi is one of three states that does not permit either early voting or no-excuse absentee voting.

23. Navigating the intricacies of obtaining and submitting an absentee ballot is inherently

challenging, particularly for individuals with disabilities. Compounding this difficulty would constitute a violation of the rights of people with disabilities. Rather than introducing constraints such as deadlines that curtail the counting of duly submitted ballots, our focus should be on enhancing the accessibility and ease of the voting process.

24. Our collective aim should be to streamline and facilitate voting, ensuring that all citizens, including those with disabilities, can exercise their democratic rights without unnecessary obstacles.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

This the 20th day of February, 2024.

Polly Tribble, Executive Director
Disability Rights Mississippi

---

Sworn to and subscribed before me this the 20th day of February, 2024.

State of Mississippi
FELICIA PARROTT EDWARDS, Notary Public
Madison County
My Commission Expires February 9, 2027
Commission Number 125916

Notary Public

8