IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **REPUBLICAN NATIONAL COMMITTEE, et al.** | **PLAINTIFFS** |
| v. | CAUSE NO. 1:24cv25-LG-RPM |
| **JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County, et al.** | **DEFENDANTS** |

*consolidated with*

| | |
|---|---|
| **LIBERTARIAN PARTY OF MISSISSIPPI** | **PLAINTIFF** |
| v. | CAUSE NO. 1:24cv37-LG-RPM |
| **JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County, et al.** | **DEFENDANTS** |

### ORDER CONSOLIDATING CASES

**THESE MATTERS ARE BEFORE THE COURT** *sua sponte* for consolidation. District courts have been granted broad discretion to consolidate civil actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2); *Luera v. M/V ALBERTA*, 635 F.3d 181, 194 (5th Cir. 2011); *Dillard v. Merrill Lynch, Pierce, Genner & Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir.1992), ce*rt. denied*, 506 U.S. 1079 (1993). Consolidation is permitted even in the absence of a pending motion to consolidate. *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036-37

(5th Cir. 1984). The purpose of consolidation is to "expedite trial and eliminate unnecessary repetition and confusion." *Id.* Factors commonly considered when considering consolidation are:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Hawkins v. Cypress Point Apartments*, 2021 WL 6773591 at *1 (S.D. Miss., Feb. 10, 2021).

The two above-styled lawsuits raise claims pursuant to 42 U.S.C. § 1983 for violation of the right to stand for office and the right to vote. They assert that Miss. Code Ann. § 23-15-637(1)(a) provides for absentee ballots received after Election Day to be counted in violation of 2 U.S.C. §§ 1,7 and 3 US.C. § 1.

While the cases were filed by different plaintiffs, the defendants sued in each action are identical. Based on recent Motions filed with the Court, the parties expect the cases to be resolved on cross-motions for summary judgment. Therefore, there is no risk of confusion, prejudice, or unfair advantage if the cases are consolidated. The Court finds that it would be more efficient and economical for the parties and the Court if both cases are kept on the same schedule. As a result, consolidation would be both proper and advantageous.

**IT IS THEREFORE ORDERED AND ADJUDGED** that *Republican National Committee, et al. v. Justin Wetzel, et al.*, 1:24cv25-LG-RPM, and *Libertarian Party of Mississippi v. Justin Wetzel, et al.*, 1:24cv37-LG-RPM, are **CONSOLIDATED** for all purposes pursuant to Fed. R. Civ. P. 42(a)(2), with *Republican National Committee v. Justin Wetzel, et al.*, 1:24cv25-LG-RPM, serving as the lead case.

**IT IS FURTHER ORDERED AND ADJUDGED** that all subsequent motions, notices, and pleadings shall be filed in the lead case only.

**SO ORDERED AND ADJUDGED** this the 1st day of March, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE