# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION GULFPORT

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; MISSISSIPPI REPUBLICAN PARTY; JAMES PERRY; and MATTHEW LAMB, <br><br>    Plaintiffs, <br><br>v. <br><br>JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*; TONI JO DIAZ, BECKY PAYNE, BARBARA KIMBALL, CHRISTENE BRICE, and CAROLYN HANDLER, *in their official capacities as members of the Harrison County Election Commission*; and MICHAEL WATSON, *in his official capacity as the Secretary of State of Mississippi*, <br><br>    Defendants, <br><br>VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE OF RETIRED AMERICANS, <br><br>    Intervenor-Defendants. | No. 1:24-cv-00025-LG-RPM (Lead Case) <br><br>**RESPONSE TO INTERVENTION MOTION** |
| LIBERTARIAN PARTY OF MISSISSIPPI, <br><br>    Plaintiff, <br><br>v. <br><br>JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*, *et al.*, <br><br>    Defendants. | No. 1:24-cv-00037-LG-RPM (Consolidated Case) |

**INTRODUCTION**

This case does not need more parties. The existing parties and the Court agree that the discrete legal issues are capable of speedy resolution on summary judgment briefing. Adding more parties serves no purpose other than to complicate the litigation, delay proceedings, inflate expenses, and encumber the parties and the Court with more filings. And because the Proposed Intervenors' interests are adequately represented by the many existing parties, they don't have a statutory right to intervene. The Court should thus deny the motion. In the alternative, even if the Court grants the motion, it should impose reasonable conditions on the Proposed Intervenors' participation by forbidding them from upsetting the case schedule and requiring them to reduce duplicative briefing.

**BACKGROUND**

Disability Rights Mississippi and the League of Women Voters of Mississippi are the second set of interest groups to move to intervene in this case. Vet Voice Foundation and the Mississippi Alliance for Retired Americans filed the first motion to intervene on February 9, 2024. *See* Doc. 6. Nearly two weeks later, Disability Rights Mississippi and the League of Women Voters filed their motion to intervene. *See* Doc. 18.

Meanwhile, the Plaintiffs and Defendants were conferring how to resolve this case efficiently and at minimal cost. Given the purely legal claims at issue, the parties agreed that an expedited summary judgment schedule would be the most appropriate route to resolving this case. *See* Doc. 37. To that end, the parties filed a joint motion for a briefing schedule that would wrap up summary judgment briefing by April 16. Vet Voice and the Mississippi Alliance agreed to that schedule, too: they assured the Court of "their willingness to abide by any briefing schedule this Court sets for the parties in this case." Doc. 26 at 3. Yesterday, the Court granted the joint motion and adopted the parties' proposed summary judgment schedule. *See* Doc. 38.

## ARGUMENT

### A. The Proposed Intervenors do not have a right to intervene because their interests are adequately represented by the existing parties.

To intervene as of right under Rule 24(a), the Proposed Intervenors must show that their motion is timely, they have a legally protectible interest in this case, the disposition of this case may harm that interest, and the existing parties do not adequately represent their interest. Fed. R. Civ. P. 24(a). The Proposed Intervenors fail the fourth element because the many existing parties adequately represent their interests.

The Proposed Intervenors err from the start, urging the Court to apply the wrong standard. They claim that they need only show "the 'minimal' burden" that the Defendants' representation "may be" inadequate. Doc. 19 at 11 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). But the Proposed Intervenors gloss over a key presumption that alters the default "minimal" standard. Because the Proposed Intervenors share "the same ultimate objective as a party to the lawsuit," they must show "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Texas v. United States*, 805 F.3d 653, 661-62 (5th Cir. 2015).

The Proposed Intervenors don't even mention this presumption, let alone overcome it. The simplest reason to deny their motion is that their interests are adequately represented by the first set of intervenors, Vet Voice Foundation and the Mississippi Alliance. Both sets of intervenors want this case dismissed, which means the Proposed Intervenors must show "adversity of interest, collusion, or nonfeasance" on the part of the first intervenors. *Texas v. United States*, 805 F.3d at 661-62. They haven't even tried. Nor is it plausible that they could show adversity, collusion, or nonfeasance, as both sets of voter-advocacy groups have the same mission: to expand voting opportunities for their members and Mississippi residents generally. *Compare* Doc. 7 at 2-3 (claiming they "seek to intervene to represent the rights of [their] voters, as well as their own interests as groups whose missions depend on enfranchising their

3

members and supporters"), *with* Doc. 19 at 1 (claiming they "move to intervene in this action as defendants to safeguard their members' rights to vote and have that vote counted, and to protect their institutional interests in promoting democratic participation in Mississippi"). In short, both sets of intervenors represent Mississippi voters, they advocate for those members *as voters*, and they are interested in this case to the extent it affects voting. They thus share the same fundamental interests.

That the organizations have slightly different constituencies is no response. If that were the rule, every organization would get a free pass on the adequate representation element. But it's not the rule, and claiming an interest in representing "women voters" as opposed to "elderly voters" does not show how their "interests diverge from the putative representative's interests in a manner *germane to the case*." *Texas v. United States*, 805 F.3d at 662 (emphasis added). Even if the Court framed their interests so narrowly, it is not enough to show they have a difference of interests—the Proposed Intervenors must show "*adversity* of interest." *Id.* at 661 (emphasis added). But it is implausible that, for example, advocating for the voting rights of women is somehow *adverse* to advocating for the voting rights of the elderly. Unsurprisingly, the Proposed Intervenors haven't argued that the interests of the Vet Voice Foundation and the Mississippi Alliance are adverse to their own. Nor have they shown that they would take "significantly different" legal positions or make "real and legitimate additional or contrary arguments." *Id.* Their interests are adequately represented.

In sum, the Proposed Intervenors face a heightened presumption on the fourth element of Rule 24(a). They ignore that presumption, which is reason enough to deny their motion. Regardless, they can't show that all of the existing parties will not adequately represent the Proposed Intervenors "interest to help [their] members to vote." Doc. 19 at 8. The Court should thus deny their motion to intervene as of right.

### B. The Court should deny permissive intervention to avoid unnecessary delay and expense.

Adding more parties would unnecessarily prolong litigation, burden the parties, duplicate arguments, and add expense, with no benefit to the parties or the Court. "Permissive intervention is wholly discretionary with the district court," even if "there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (cleaned up). When considering a motion for permissive intervention, courts must consider whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Adding more parties will delay this case, prejudice the parties, and produce no benefits. Unlike the Vet Voice Foundation and the Mississippi Alliance, the Proposed Intervenors have not assured the Court they will abide by the Court's schedule. Nor have they promised to reduce duplicative briefing, or even identified different arguments they intend to raise. Even had they shown all that, the Proposed Intervenors have "presented no creditable argument that [their] status as an intervenor-defendant would in any way reshape the issues in this case or contribute to its just resolution." *Resol. Tr. Corp. v. City of Bos.*, 150 F.R.D. 449, 455 (D. Mass. 1993). The Court should deny the motion for permissive intervention.

### C. In the alternative, the Court should impose reasonable scheduling and briefing restrictions on the Proposed Intervenors.

If the Court grants the motion, it should at a minimum prohibit the Proposed Intervenors from upsetting the Court's scheduling order and require the Proposed Intervenors to reduce duplicative briefing in this case. Over the course of the past few weeks, the parties have been negotiating an appropriate schedule that balances their interests and aims to resolve this case efficiently. For their part, Vet Voice Foundation and the Mississippi Alliance for Retired Americans filed a notice assuring the Court that they would not upset that agreed-upon schedule. *See* Doc. 26. They indicated "their

5

willingness to abide by any briefing schedule this Court sets for the parties in this case" and to "withdraw their proposed Motion to Dismiss" in deference to the parties' proposed summary-judgment schedule. Doc. 26 at 3. Given those assurances, the Republican plaintiffs did not oppose the Vet Voice intervention motion.

But the Proposed Intervenors have made no such assurances. Thus, to the extent Court is inclined to grant their intervention motion, the Court should require the Proposed Intervenors to abide by the Court's briefing schedule and work with the other intervenors to avoid duplicative briefing.

District courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). They also have "broad authority to limit the ability of intervening parties to expand the scope of a proceeding," such as "when an intervenor seeks, over the opposition of the original parties, to alter pre-trial deadlines and take additional discovery on an issue not litigated by the original parties." *Id.* Similarly, courts have discretion to require intervenors to "avoid duplicative arguments" in their briefing. *WildEarth Guardians v. Jewell*, 320 F.R.D. 1, 6 (D.D.C. 2017). To achieve these ends, "conditions can be imposed even when a party intervenes as a matter of right under Rule 24(a)(2)." *Southern v. Plumb Tools, A Div. of O'Ames Corp.*, 696 F.2d 1321, 1322 (11th Cir. 1983); *see also* Fed. R. Civ. P. 24, advisory committee's note to 1966 amendments ("An intervention of right … may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.").

Courts frequently impose scheduling and briefing limitations on intervenors. *See, e.g.*, *Exxon Mobil Corp. v. Santa Barbara Cnty. Bd. of Supervisors*, 2022 WL 17886021, at *5 (C.D. Cal. Nov. 1, 2022) ("Intervenors shall file joint briefs and comply with the existing briefing schedule, and the Board and the Intervenors shall coordinate to avoid duplicative arguments to the extent possible."); *WildEarth Guardians*, 320 F.R.D. at 6

("[P]rior to any filings, the [intervenors] shall confer with one another to consolidate their briefing and avoid duplicative arguments to the extent practical."); *Bark v. Northrop*, 2013 WL 6576306, at *8 (D. Or. Dec. 12, 2013) ("[The intervenor] will file its brief … in accordance with a staged briefing schedule set by the court, and must not duplicate any arguments made by the [defendant]."); *Forest Cnty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15-16 (D.D.C. 2016) (ordering the intervenors to "meet and confer prior to the filing of any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion"); *Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 10 (D.D.C. 2018) (imposing several conditions to "help to avoid unnecessarily duplicative briefing").

The existing parties and the Court agree that the purely legal issues in this case can be resolved on the expedited summary judgment schedule. *See* Doc. 37. With that understanding, the Republican plaintiffs ask that if the Court grants the intervention motion of Disability Rights and the League of Women Voters, it does so on the conditions that they not upset the existing case schedule and that they work with the other intervenors to reduce duplicative briefing.

## CONCLUSION

For the foregoing reasons, the Court should deny the motion to intervene. In the alternative, the Court should grant the motion only upon the conditions stated above.

Dated: March 6, 2024

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

*admitted *pro hac vice*

Respectfully submitted,

*s/ Spencer M. Ritchie*

Spencer M. Ritchie (MSB #103636)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201
(601) 960-3172
spencer.ritchie@formanwatkins.com

*Counsel for Republican Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

I certify that on March 6, 2024, the foregoing document was filed on the Court's CM/ECF system, which notifies all counsel of record.

*s/ Spencer M. Ritchie*

Spencer M. Ritchie
*Counsel for Republican Plaintiffs*
