**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*, et al.,<br><br>    Defendants,<br><br>and<br><br>VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS,<br><br>    Intervenor-Defendants. | No. 1:24-cv-00025-LG-RPM |

*consolidated with*

| | |
|---|---|
| LIBERTARIAN PARTY OF MISSISSIPPI,<br><br>    Plaintiff,<br><br>v.<br><br>JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*; et al.,<br><br>    Defendants,<br><br>and<br><br>VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS,<br><br>    Intervenor-Defendants. | No. 1:24-cv-00037-LG-RPM |

**INTERVENOR-DEFENDANTS VET VOICE FOUNDATION AND MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Intervenor-Defendants Vet Voice Foundation ("Vet Voice") and the Mississippi Alliance for Retired Americans (the "Alliance") (together, "Intervenors") respectfully move for summary judgment dismissing all claims in these consolidated actions under Federal Rule of Civil Procedure 56, for all the reasons set forth in the accompanying Memorandum Brief in support of this motion, which is hereby incorporated by reference.

Plaintiffs in these consolidated cases each assert three overlapping causes of action to enjoin election officials from enforcing Mississippi's mail-in absentee ballot statute, Miss. Code § 23-15-637(1)(a), to the extent it permits mail-in absentee ballots to be counted if postmarked by Election Day and received no more than five business days after Election Day. Plaintiffs assert that this statute is preempted by federal election statutes and violates their First and Fourteenth Amendment rights to vote and to stand for office.

As set forth in the accompanying Memorandum Brief, Plaintiffs' Complaints should be dismissed because Plaintiffs lack Article III standing, and this Court therefore lacks subject matter jurisdiction as a matter of law.

Plaintiffs' claims also fail on the merits as a matter of law because the challenged statute does not conflict with federal election statutes. Plaintiffs' constitutional claims, which are premised entirely upon an alleged conflict between the challenged statute and federal election statutes, also fail on that ground.

WHEREFORE, Intervenors respectfully request that this Court enter an order granting this Motion for Summary Judgment and dismissing Plaintiffs' claims in their entirety.

Dated: March 26, 2024

Respectfully submitted,

<div style="display: flex;">

*/s/ Elisabeth C. Frost*
Elisabeth C. Frost* (DC Bar # 1007632)
Christopher D. Dodge* (DC Bar # 90011587)
Michael B. Jones* (DC Bar # 252745)
Richard A. Medina* (DC Bar # 90003752)
Tina Meng Morrison* (DC Bar # 1741090)
**ELIAS LAW GROUP, LLP**
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Phone: 202-968-4490
efrost@elias.law
cdodge@elias.law
mjones@elias.law
rmedina@elias.law
tmengmorrison@elias.law

*Admitted *pro hac vice*

*/s/ Robert B. McDuff*
Robert B. McDuff (MS Bar # 2532)
Paloma Wu (MS Bar # 105464)
**MISSISSIPPI CENTER FOR JUSTICE**
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
Phone: (601) 259-8484
Fax: (601) 352-4769
rmcduff@mscenterforjustice.org
pwu@mscenterforjustice.org

*Counsel for Intervenor-Defendants Vet Voice Foundation and Mississippi Alliance for Retired Americans*

</div>