**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*, et al., <br><br> Defendants, <br><br> and <br><br> VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS, <br><br> Intervenor-Defendants. | No. 1:24-cv-00025-LG-RPM |

*consolidated with*

| | |
|---|---|
| LIBERTARIAN PARTY OF MISSISSIPPI, <br><br> Plaintiff, <br><br> v. <br><br> JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*; et al., <br><br> Defendants, <br><br> and <br><br> VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS, <br><br> Intervenor-Defendants. | No. 1:24-cv-00037-LG-RPM |

**INTERVENOR-DEFENDANTS' MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE, MOTION TO BE EXEMPT FROM FILING AN ANSWER**

Intervenor-Defendants Vet Voice Foundation ("Vet Voice") and the Mississippi Alliance for Retired Americans ("Alliance"), pursuant to Fed. R. Civ. P. 7(b), file this motion to seek clarification as to whether they are required to file a responsive pleading to the complaints in this consolidated action. In the alternative, they request the same exception granted to Defendant Secretary of State Michael Watson in view of the parties' agreement to proceed straight to an expedited summary judgment briefing schedule. *See* ECF No. 27; *see also* ECF Nos. 17, 37, 38. The same considerations apply to Intervenor-Defendants and no party opposes such relief.

Intervenor-Defendants state the following in support of this motion:

1. On January 26, 2024, the Republican National Committee and three other plaintiffs filed a complaint challenging the legality of Mississippi's statute governing the deadline for receipt of mail-in absentee ballots. *See* ECF No. 1. A few days later, the Libertarian Party of Mississippi filed a substantially similar complaint. *See* Compl., *Libertarian Party of Mississippi v. Wetzel*, No. 24-cv-00037-TBM-RPM (Feb. 5, 2024), ECF No. 1. The Court consolidated both cases on March 1. ECF No. 35.

2. Intervenor-Defendants moved to intervene on February 9 and, in compliance with Rule 24(c), attached a proposed motion to dismiss to their filing as a proposed pleading. *See* ECF Nos. 6-3, 6-4.

3. While Intervenor-Defendants' motion to intervene was pending, the Secretary filed motions in the then-unconsolidated cases asking to be exempt from filing an Answer or responsive pleading to both the RNC Plaintiffs' and Libertarian Party's complaints. The Secretary explained that because both cases turned on common questions of law, the parties had conferred and agreed that the matter should proceed directly to cross-motions for summary judgment, rendering responsive pleadings unnecessary. *See* ECF No. 17 at 2 ¶ 4; *see also* Def. Watson Mot., *Libertarian Party of Mississippi v. Wetzel*, No. 24-cv-00037-TBM-RPM (Feb. 16, 2024), ECF No. 5 at 2 ¶ 4.

1

4. Then-Proposed Intervenor-Defendants promptly filed a notice with the Court indicating that they agreed with the Secretary's proposal to set a schedule that "dispenses [with] responsive pleadings and moves straight to summary judgment." ECF No. 26 at 2. They noted they were "willing to withdraw their proposed Motion to Dismiss . . . and instead raise those and any other appropriate arguments on summary judgment on the schedule entered by the Court." *Id.* at 3.

5. The Court subsequently granted the Secretary's motion to be exempt from filing a pleading in both cases. *See* ECF No. 27; *see also see also* Order, *Libertarian Party of Mississippi v. Wetzel*, No. 24-cv-00037-TBM-RPM (Feb. 23, 2024), ECF No. 15.

6. Several days later, the Court granted Intervenor-Defendants' motion to intervene as unopposed on March 4, 2024. *See* 03/04/2024 Minute Order.

7. On March 5, the Court granted a joint motion from Plaintiffs and Defendants to set a summary judgment briefing schedule for the parties. *See* ECF Nos. 37, 38, Pursuant to that Order, the parties filed their opening summary judgment briefs last week on March 26, 2024. Their responses are due April 9, and any replies are due on April 16. *See* ECF No. 38.

8. Because the parties jointly agreed to move straight to the summary judgment phase, and to therefore forgo motions to dismiss under Rule 12(b), the Court had no cause to accept Intervenor-Defendants' proposed motion to dismiss as a responsive pleading.

9. In accordance with the expedited schedule set by the Court and the order on the motion to intervene, Intervenor-Defendants filed a motion for summary judgment on March 26, 2024, alongside the other parties. *See* ECF Nos. 61, 62.

10. Intervenor-Defendants file this motion for clarification because given the progression of the filings in this case, their proposed motion to dismiss never became effective but they were also never formally exempted from filing a responsive pleading. Intervenor-Defendants

2

respectfully request clarification confirming that they, too, are exempted from filing an Answer or other response to Plaintiffs' complaints.

11. In the alternative, Intervenor-Defendants request that they be granted the same exemption granted to the Secretary to dispense with filing an answer to the complaints. Such an exemption is appropriate here to streamline these actions, which turn largely on common questions of law that are amenable to full resolution at summary judgment—a process now well underway. Filing answers to the complaints at this stage will not advance resolution of this case and will serve only as a drain on party resources. No party opposes Intervenor-Defendants' request to be exempted from filing such pleadings.

12. However, if the Court prefers that Intervenor-Defendants still file responsive pleadings to the complaints, Intervenor-Defendants will do so according to any deadline set by the Court. In view of the ongoing summary judgment briefing, Intervenor-Defendants respectfully propose that 14 days from resolution of this motion would be an appropriate deadline.

Dated: April 4, 2024

/s/ Elisabeth C. Frost
Elisabeth C. Frost* (DC Bar # 1007632)
Christopher D. Dodge* (DC Bar # 90011587)
Michael B. Jones* (DC Bar # 252745)
Richard A. Medina* (DC Bar # 90003752)
Tina Meng Morrison* (DC Bar # 1741090)
**ELIAS LAW GROUP, LLP**
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Phone: 202-968-4490
efrost@elias.law
cdodge@elias.law
mjones@elias.law
rmedina@elias.law
tmengmorrison@elias.law

*Admitted *pro hac vice*

Respectfully submitted,

/s/ Robert B. McDuff
Robert B. McDuff (MS Bar # 2532)
Paloma Wu (MS Bar # 105464)
**MISSISSIPPI CENTER FOR JUSTICE**
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
Phone: (601) 259-8484
Fax: (601) 352-4769
rmcduff@mscenterforjustice.org
pwu@mscenterforjustice.org


*Counsel for Intervenor-Defendants Vet Voice Foundation and Mississippi Alliance for Retired Americans*

5

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Intervenor-Defendants' Motion for Clarification, or in the Alternative, Motion to be Exempt from Filing an Answer has been filed with the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

Dated: April 4, 2024	/s/ Robert B. McDuff
	Robert B. McDuff
	*Counsel for Intervenor-Defendants Vet Voice Foundation and the Mississippi Alliance for Retired Americans*