# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

REPUBLICAN NATIONAL COMMITTEE, et al.,

       Plaintiffs,

  v.

JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*, et al.,

       Defendants,

  and

VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS,

       Intervenor-Defendants.

No. 1:24-cv-00025-LG-RPM

*consolidated with*

LIBERTARIAN PARTY OF MISSISSIPPI,

       Plaintiff,

  v.

JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*; et al.,

       Defendants,

  and

VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS,

       Intervenor-Defendants.

No. 1:24-cv-00037-LG-RPM

## RULE 56(D) DECLARATION OF ELISABETH C. FROST

Pursuant to 28 U.S.C. § 1746, I, Elisabeth C. Frost, declare as follows:

1.      My name is Elisabeth C. Frost. I am over eighteen years of age. I have personal knowledge of the facts stated herein, and if called upon, I could testify competently to them.

2.      I am a Partner in the Washington, D.C. office of Elias Law Group LLP. I am a member in good standing of the District of Columbia and New York Bars, as well as numerous federal district and appellate courts. I am counsel to Vet Voice Foundation and the Mississippi Alliance for Retired Americans ("Intervenors") in this matter and admitted before this court pro hac vice.

3.      Pursuant to the Court's March 5, 2024 scheduling order, the parties filed cross-motions for summary judgment on March 26, 2024. *See* ECF Nos. 51–56, 58–64. In support of their motions, and chiefly for purposes of establishing standing and this Court's subject matter jurisdiction, Plaintiffs filed several declarations on behalf of Republican National Committee ("Walukevich Decl."), ECF No. 58-1; Mississippi Republican Party ("Bordeaux Decl."), ECF No. 58-2, and Libertarian Party of Mississippi ("Hanson Decl."). ECF No. 55-3. The Libertarian Party also filed a Statement of Undisputed Material Fact ("SUMF"), ECF No. 55-1. I submit this declaration in response to both motions filed by the RNC Plaintiffs and Libertarian Party Plaintiff.

4.      For the reasons set forth in Intervenors' motion for summary judgment, ECF Nos. 61, 62, and their Consolidated Memorandum Brief in Response to Plaintiffs' motions, Plaintiffs' standing theories fail as a matter of law and are not remedied by their declarations, even if those declarations were credited. The Court can and should deny Plaintiffs' motions and dismiss the complaints for lack of standing based on their fatally deficient legal theories and facially-deficient declarations. Because Plaintiffs bear the burden of establishing standing, and the declarations on their face fail to carry that burden, dismissal is the proper remedy.

1

5.      If, however, the Court were to find that any of Plaintiffs' legal theories in support of standing could suffice to satisfy Article III and were to credit the standing-related assertions made in Plaintiffs' declarations or statement of facts, it should permit Intervenors to take limited discovery testing those claims pursuant to Rule 56(d).

6.      To be clear, the Court need not reach this issue if it decides—as Intervenors argue it should—that Plaintiffs' theories of standing fail and the declarations and facially deficient. Intervenors accordingly file this declaration and Rule 56(d) request in an abundance of caution, should the Court find otherwise. In such a case, granting leave to conduct such discovery would be appropriate before the Court relies on Plaintiffs' declaration testimony, as Intervenors have had no opportunity to test the assertions in Plaintiffs' declaration with discovery. *See Bosarge v. Edney*, No. 1:22CV233-HSO-BWR, 2023 WL 8002680, at *3 (S.D. Miss. Mar. 9, 2023) (granting opportunity to take discovery under Rule 56(d) where "no discovery has taken place" at time summary judgment motions were filed).

7.      Allowing Intervenors to take discovery into Plaintiffs' assertions in their declarations supporting their standing could create a genuine issue of material fact that would justify denying Plaintiffs' motions for summary judgment, even if on the current record the Court was not yet convinced that it would be appropriate to dismiss the case for lack of standing.

8.      Intervenors specifically would ask to take discovery into: the necessity and scope of vaguely described "post-election activities" that Plaintiffs allegedly allocate resources towards in response to the Ballot Receipt Deadline, *see* Walukevich Decl. ¶¶ 10–13, 18; Bordeaux Decl. ¶¶ 11–16, 20; Hanson Decl. ¶ 18; SUMF ¶ 26; Plaintiffs' allusions to the fact that they have diverted resources, including to seek more specific information about what Plaintiffs have diverted resources from, *see* Walukevich Decl. ¶¶ 10–12, 18–19, 23; Bordeaux Decl. ¶¶ 11–16, 20; Hanson

Decl. ¶¶ 22–26; SUMF ¶¶ 27–30, 34; the impact of the Ballot Receipt Deadline on public perception of election integrity in Mississippi, *see* Walukevich Decl. ¶ 14, 21; Bordeaux Decl. ¶ 19; whether and how the Ballot Receipt Deadline electorally harms Republican and Libertarian Party candidates, Walukevich Decl. ¶¶ 20–21; Bordeaux Decl. ¶¶ 19–21; Hanson Decl. ¶¶ 20–21, 27–28; SUMF ¶¶ 30–31, 35; and public perception of the Libertarian Party's electoral performance, Hanson Decl. ¶¶ 20–21; SUMF ¶ 31.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of April, 2024.

Elisabeth C. Frost*
**ELIAS LAW GROUP, LLP**
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Phone: 202-968-4490
efrost@elias.law

*Attorney for Intervenor-Defendants*
*Admitted *pro hac vice*