IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **REPUBLICAN NATIONAL COMMITTEE; MISSISSIPPI REPUBLICAN PARTY; JAMES PERRY; and MATTHEW LAMB** | **PLAINTIFFS** |
| VS. | Civil Action No. 1:24-cv-25-LG-RPM |
| **JUSTIN WETZEL,** *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*, et al. | **DEFENDANTS** |
| and | |
| **VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS** | **INTERVENOR DEFENDANTS** |
| *consolidated with* | |
| **LIBERTARIAN PARTY OF MISSISSIPPI** | **PLAINTIFF** |
| VS. | Civil Action No. 1:24-cv-37-LG-RPM |
| **JUSTIN WETZEL,** *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*, et al. | **DEFENDANTS** |

**DEFENDANT SECRETARY OF STATE MICHAEL WATSON'S UNOPPOSED MOTION TO INCREASE BRIEFING PAGE LIMIT TO ACCOMMODATE FULL BRIEFING OF DEFENDANT'S CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Defendant Michael Watson, in his official capacity as Secretary of State of Mississippi, ("Defendant") pursuant to Rule 7, *Federal Rules of Civil Procedure*, files this his unopposed motion to increase (by 10 pages) the briefing page limit imposed by L.U.Civ.R. 7(b)(5) to

1

accommodate full briefing of Defendant's cross-motions for summary judgment [Dkt. #51, #53], and in support thereof would show unto the Court the following:

1. To ensure full briefing of the State's interests in connection with Defendant's previously-filed cross-motions for summary judgment, the Court should permit Defendant to exceed the governing 35-page combined page limit by 10 pages in connection with each of Defendant's pending cross-motions for summary judgment.

2. On March 5, 2024, this Court entered its summary-judgment briefing scheduling order providing for the resolution of the above-styled consolidated cases (*viz.*, "the Republican Party case" and the "the Libertarian Party case") via cross-motions for summary judgment. *See* Dkt. #38. Defendant thereafter timely filed his separate cross-motions for summary judgment in the Republican Party case and the Libertarian Party, respectively. *See* Dkt. #51, #53.

3. Defendant's memorandum of authorities in the Republican Party case contained approximately 32 pages of substantive text. *See* Dkt. #52. Defendant's memorandum of authorities in the Libertarian Party case contained approximately 28.5 pages of substantive text. *See* Dkt. #54.

4. Plaintiffs thereafter timely filed their responses in opposition to Defendant's cross-motions for summary judgment. *See* Dkt. #75, #79. Plaintiffs' responses rely upon multiple filed declarations. *See* Dkt. #55-3, #58-1, #58-2, #75-1, #75-2, #79-1 (collectively).

5. Pursuant to the aforementioned briefing scheduling order, Defendant's rebuttals in further support of his cross-motions for summary judgment in both of the aforementioned cases are due April 16, 2024. Defendant anticipates that each rebuttal may contain up to 10 pages in excess of the 35-page briefing limit imposed by L.U.Civ.R. 7(b)(5), meaning that Defendant's total briefing (i.e., original and rebuttal memoranda) would not exceed 45 pages in either case.

6. Plaintiffs in both cases assert multiple federal statutory and constitutional claims challenging the legality of Mississippi's mail-in absentee ballot receipt deadline statute, Miss. Code Ann. § 23-15-637(1)(a). Plaintiffs in both cases seek declaratory and injunctive relief to permanently prohibit the implementation and enforcement of Mississippi's aforementioned ballot receipt deadline.

7. In each case, Defendant's cross-motion for summary judgment presents Defendant's jurisdictional defenses predicated on lack of Article III standing, which has required Defendant to address multiple theories of standing (and in the Republican Party case, the standing of multiple plaintiffs), as well Defendant's arguments for summary judgment on all three federal statutory and constitutional claims. Given the important jurisdictional and constitutional issues implicated by these cases, the issues presented by Defendant's cross-motions for summary judgment cannot be adequately addressed within the 35-page limit imposed by L.U.Civ.R. 7(b)(5).

8. Pursuant to L.U.Civ.R. 7(b)(5), the "[m]ovant's original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages . . . ." L.U.Civ.R. 7(b)(5). For the reasons set forth above, Defendant requests that this limit be extended by 10 pages in each case, such that Defendant's total briefing on his cross-motions for summary judgment will not exceed 45 pages in either case.

9. The undersigned has conferred with counsel of record for all parties and is authorized to represent that the relief requested herein is unopposed by all parties.

10. This motion is filed in good faith and is not interposed for delay or other improper purpose. Given the nature of this motion and the relief requested, the grounds for which are apparent on the face of the instant motion, Defendant respectfully requests that the Court waive the requirement for the filing of a memorandum of authorities.

11.     In accordance with local rules, a proposed order will be separately transmitted to the district judge's chambers via e-mail.

**WHEREFORE, PREMISES CONSIDERED**, in order to accommodate full briefing of Defendant's cross-motions for summary judgment in the above-styled consolidated cases, Defendant respectfully requests that the Court make and enter its Order granting Defendant's instant motion and increasing the briefing page limit set forth in L.U.Civ.R. 7(b)(5) by 10 pages, such that Defendant's memorandum of authorities in support of his cross-motion for summary judgment and Defendant's rebuttal in further support of his cross-motion for summary judgment may together total up to 45 pages of substantive text in each of the above-styled and numbered consolidated cases.

THIS the 15th day of April, 2024.

                                      Respectfully submitted,

                                      MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI, DEFENDANT

                                      By:    LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI

                                      By:    <u>s/Rex M. Shannon III</u>
                                                 REX M. SHANNON III (MSB #102974)
                                                 Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
WILSON D. MINOR (MSB #102663)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
wilson.minor@ago.ms.gov


ATTORNEYS FOR DEFENDANT MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI

**CERTIFICATE OF SERVICE**

    I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named State Defendant, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

    THIS the 15th day of April, 2024.

<div style="text-align:right">

s/Rex M. Shannon III
REX M. SHANNON III

</div>