UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REPUBLICAN NATIONAL                                                                PLAINTIFFS
COMMITTEE et al

VERSUS                                              CIVIL ACTION NO. 1:24-CV-25-LG-RPM

JUSTIN WETZEL et al                                                                DEFENDANTS

## ORDER TO SHOW CAUSE

This matter is before the Court on the motion for pro hac vice admission filed by Consolidated Plaintiff Libertarian Party on behalf of attorney Eric Lee. Rule 83.1(d)(7)(E) of the Local Rules provides that a PHV application "ordinarily should be granted unless the court finds reasons to believe that: … the applicant had, before application, filed or appeared in the federal court without having secured approval under these rules." The name of the applicant for admission appears on the complaint filed by Consolidated Plaintiff in Civil Action No. 1:24-cv-37-LG-RPM on February 5, 2024, albeit with the notation "Application for admission *pro hac vice* forthcoming." The applicant's name appears on numerous other pleadings as well, with the same notation: motion [37] for scheduling order; motion [55] for summary judgment and memorandum [56] in support; response [79] and memorandum [80] in opposition to motion for summary judgment; and reply [91] in support of motion for summary judgment. The subject pleadings were signed and filed by a Mississippi-licensed attorney admitted to practice before this Court.

By including his name on the pleading in question, the applicant appears to have violated the Court's Local Rules regarding PHV admissions. *See Clayton v. City of Oxford, Miss.*, No. 3:21-cv-174-GHD-JMV, 2021 WL 4699182 (N.D.Miss. Oct. 7, 2021); *Reech v. Sullivan*, No. 3:18-cv-35-HSO-LRA, 2018 WL1698303 (S.D. Miss. Apr. 5, 2018); *Isom v. Valley Forge Ins.*

*Co.*, No. 2:16-cv-109-KS-MTP, 2016 WL 4183315 (S.D.Miss. Aug. 5, 2016).  In other words, by including his name, the attorney "appeared in federal court" prior to securing PHV admission in violation of L.U.Civ.R. 83.1(d)(7)(E).  *See In re Williamson*, 838 So.2d 226, 235 (Miss. 2002) ("In the future, attorneys are hereby noticed and cautioned that a foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings or allows his or her name to be listed on the pleadings.").

Based on the foregoing, local counsel for Consolidated Plaintiff Libertarian Party of Mississippi is directed to show cause:  (1) why he should not be sanctioned for allowing a non-Mississippi attorney to include his names on pleadings prior to obtaining PHV admission; and (2) why applicant's PHV motion should not be denied for failing to comply with Mississippi law regarding unauthorized practice of law and for violating L.U.Civ.R. 83.1(d)(7)(E).  A response to this show cause order is due on or before **May 23, 2024**.

SO ORDERED AND ADJUDGED, this the 9th day of May 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE