IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>JUSTIN WETZEL, et al.,<br><br>        Defendants. | No. 1:24-cv-25-LG-RPM<br>(lead case) |
| LIBERTARIAN PARTY OF MISSISSIPPI,<br><br>        Plaintiff,<br><br>  v.<br><br>JUSTIN WETZEL, et al.,<br><br>        Defendants. | No. 1:24-cv-37-LG-RPM<br>(consolidated) |

**PLAINTIFF LIBERTARIAN PARTY OF MISSISSIPPI'S
RESPONSE TO THE ORDER TO SHOW CAUSE, ECF 95**

      Plaintiff Libertarian Party of Mississippi ("Plaintiff"), through counsel, respectfully files this response to the Court's Order to Show Cause. ECF 95. The Order directed the undersigned counsel to show cause: "(1) why he should not be sanctioned for allowing a non-Mississippi attorney to include his name on pleadings prior to obtaining PHV admission; and (2) why applicant's PHV motion should not be denied for failing to comply with Mississippi law regarding unauthorized practice of law and for violating L.U. Civ. R. 83.1(d)(7)(E)." *Id.* at 2.

Local counsel is lead counsel for Plaintiff and is the attorney actively participating in and responsible for all filings. As set forth below, good cause does not exist to sanction the local counsel for his good faith error. Indeed, no federal court in Mississippi has ever sanctioned an attorney for violating L.U. Civ. R. 83.1(d)(7)(E). The instant situation does not warrant departing from that practice especially given that no party or *amici* objected to Mr. Lee's application while it has been pending for some months or otherwise alleged that inclusion of his name on the signature block prejudiced them in any way.

Contemporaneously with the filing of this Response, local counsel withdrew the *pro hac vice* application filed on behalf of Mr. Lee. ECF 45. Accordingly, consideration of whether to grant or deny Mr. Lee's application for *pro hac vice* admission is now moot.

**Background**

The Republican National Committee and other plaintiffs filed the lead case on January 26, 2024. ECF 1. Plaintiff Libertarian Party of Mississippi filed its complaint on February 5, 2024. *See Libertarian Party of Mississippi v. Wetzel*, Civ. No. 24-cv-37, ECF 1. Both complaints include three claims under 42 U.S.C. § 1983, invoking this Court's federal question jurisdiction. *Id. at* ¶¶ 11 and 57-81; and 28 U.S.C. § 1331. All three claims raise questions related to the federal election day statutes applicable to the November 5, 2024 federal election. *Id.* On March 1, 2024, the District Court issued an order consolidating the cases. ECF 35.

The parties worked in good faith to develop an appropriate briefing schedule for cross-motions for summary judgment and filed a joint motion seeking entry of that schedule on March 5, 2024. ECF 37. The Court entered the Joint Motion that same day. ECF 38. On March 6, 2024, local counsel for Plaintiff filed an application for his colleague, Mr. Eric Lee, to appear *pro hac vice* on behalf of the Plaintiff. ECF 44. No party objected to this application or claimed it was

insufficient under the local rules. During the period of March 26 through April 16, 2024, the parties filed three rounds of briefing addressing complex constitutional, statutory, and historical questions related to national federal electoral practices. *See* ECF 50-58, 60-64, 73-92.

On May 9, 2024, the United States Magistrate Judge *sua sponte* entered three orders to show cause regarding pending *pro hac vice* motions filed by attorneys not licensed in Mississippi. ECF 93-95. The Order directed at Plaintiff Libertarian Party noted that Mr. Lee's name appeared on Plaintiff's complaint, scheduling order, and other filings that followed his application to appear *pro hac vice* during the expedited briefing schedule. ECF 95. In each instance, the Order noted, the notation of "Application for *pro hac vice* forthcoming" appeared by Mr. Lee's name. *Id.* The Order noted that Plaintiff's "Mississippi-licensed attorney" signed and filed the documents. *Id.* The Magistrate Judge concluded that Mr. Lee "appears to have violated "the Court's Local Rule regarding PHV admissions" and that Mr. Lee "'appeared in federal court' prior to securing PHV admissions in violation of L.U. Civ. R. 83.1(d)(7)(E)." *Id.* The Order then cited *In re Williamson*, 838 So. 2d 226 (Miss. 2002), which governs appearances in Mississippi state courts under Miss. R. App. P. 46. The Order directed local counsel to show cause: "(1) why he should not be sanctioned for allowing a non-Mississippi attorney to include his name on pleadings prior to obtaining PHV admission; and (2) why applicant's PHV motion should not be denied for failing to comply with Mississippi law regarding unauthorized practice of law and for violating L.U. Civ. R. 83.1(d)(7)(E)." ECF 95 at 2.

I. **A Violation of L.U. Civ. R. 83.1(d)(7)(E) is Not Cause to Sanction Local Counsel.**

Election litigation is unique and often involves truncated proceedings and breakneck briefing schedules. This case has been no different. The parties before the Court worked diligently to develop and adhere to a briefing schedule that would "secure the just, speedy, and inexpensive

3

determination" of this action." ECF 38; Fed. R. Civ. P. 1. From January 26, 2024 through April 16, 2024, the parties engaged in multiple rounds of briefing to the Court on complex questions of law. *See* ECF 50-58, 60-64, 73-92.

Local counsel is lead counsel for Plaintiff and is actively participating in and responsible for all litigation filings and decisions. Given the nature and pace of election litigation, lead counsel generally discloses the name(s) of his colleagues who will seek *pro hac vice* admission so that the courts and other litigants are aware other attorneys available within his organization who can respond to inquiries immediately in the event that lead counsel is temporarily unavailable. This has been counsel's practice in similar cases in other districts.[1] Thus, the inclusion of Mr. Lee's signature block on filings was simply a good faith decision to disclose to the Court and all litigants the name of another attorney who may be available on short notice and who would be moving to appear in the case *pro hac vice*. Indeed, during the course of the briefing schedule, local counsel had several out-of-state proceedings in multiple different states that made him unavailable for significant periods of time. Until the Show Cause Order was entered, local counsel believed that federal courts in Mississippi followed the majority rule that an attorney is not considered to have "appeared" until he enters his notice of appearance or, in the case of foreign attorneys, filed his application to appear *pro hac vice. See, e.g., In re Autozoners, LLC*, 649 S.W.3d 774, 782, 687

---

[1]  *See Judicial Watch, Inc. v. North Carolina*, No. 20-cv-211 (W.D.N.C. April 9, 2020), ECF No. 1 at 17; *Judicial Watch, Inc. v. Pennsylvania*, No. 20-cv-708 (M.D. Pa. April 28, 2020), ECF No. 1 at 20; *Judicial Watch, Inc. v. Griswold*, No. 20-cv-2992 (D. Colo. Oct. 5, 2020), ECF No. 1 at 15; *Griffin v. Padilla*, No. 19-cv-1477 (E.D. Cal. Aug. 1, 2019), ECF No. 1; *Issa v. Newsom*, No. 20-cv-501 (E.D. Cal. May 21, 2020), ECF No. 1. The *North Carolina*, *Pennsylvania*, and *Issa* cases featured intervenors or *amici* who similarly listed out-of-state licensed attorney whose *pro hac vice* applications were not yet filed.

S.W.3d 315, 782 (Tex. App. 2022) (Alley, J. concurring) (noting that Mississippi is part of a "narrow-line" of authorities that interpret "appear" so broadly as to include signature blocks).[2]

Federal courts in Mississippi have considered the question of how to handle foreign attorneys who "appear" under *In re Williamson* prior to *pro hac vice* admission eight times, according to local counsel's research.[3] Those cases range from instances in which a foreign attorney's signature block appeared on filings to more overt acts such signing pleadings and violating other provisions of L.U. CIV. R. 83.1(d). The courts in those cases never considered—let alone authorized—sanctions against local counsel for filings that included a foreign attorney's signature block. None even struck the offending pleading. The most severe outcomes occurred in three cases in which the court either denied or revoked a foreign attorney's *pro hac vice* application. *See Isom v. Valley Forge Ins. Co.*, No. 2:16-CV-109-KS-MTP, 2016 U.S. Dist. LEXIS 103261 at *4-5 (S.D. Miss. Aug. 5, 2016) (disqualifying attorneys who allowed their names to be listed on the complaint, attempted to negotiate a settlement, and failed to respond to the motion to disqualify them); *Reech v. Sullivan*, No. 3:18-CV-35-HSO-LRA, 2018 U.S. Dist. LEXIS 57935 at *2 (S.D. Miss. Apr. 5, 2018) (disqualifying foreign attorneys who *signed* several documents and only filed their *pro hac vice* applications *after* another party filed a motion to disqualify them); and *Woods v. Gay Toys, Inc.*, No. 3:22-CV-070-MPM-RP, 2023 U.S. Dist. LEXIS 4288 (N.D. Miss. Jan. 4, 2023) (*sua sponte* revocation of *pro hac vice* admission based on foreign attorney's flagrant and repeated violation of L.U. Civ. R. 83.1).

---

[2] Of course, now that counsel is aware that federal courts in Mississippi have applied this standard, he will change his practice, as stated below.

[3] Local counsel has found eight cases in which a federal court in Mississippi considered this issue. None of the cases were assigned federal reporter citations, suggesting all are unpublished.

In the remaining five cases, of which some involved more troubling facts than anything in the record here, the courts granted *pro hac vice* applications and denied requests to strike filings. *See Secherest v. City of Lexington*, No. 3:24-cv-34-TSL-MTP, 2024 U.S. Dist. LEXIS 68867 (S.D. Miss. Apr. 16, 2024) (granting *pro hac vice* status even though application was not filed until after a motion to disqualify was filed and involved incorrect notations in signature block); *McDonald v. Trustmark Nat'l Bank*, No. 3:18-cv-852-DPJ-FKB, 2019 U.S. Dist. LEXIS 23982 (S.D. Miss. Feb. 14, 2019) (granting *pro hac vice* application and denying motion to disqualify noting that foreign attorney never signed pleadings and signature block included notation that application was forthcoming); *Clayton v. City of Oxford*, No. 3:21-cv-00174-GHD-JMV, 2021 U.S. Dist. LEXIS 193958 (N.D. Miss. Oct. 7, 2021) (denying motion to disqualify and granting *pro hac vice* application after finding opposing party "essentially waived" alleged objections by failing to promptly raise them); *In re Kugel Mesh Hernia Repair Patch Litig.*, 2011 U.S. Dist. LEXIS 110026 (D.R.I. Sep. 6, 2011); and *Arnesen v. Raimondo*, No. 1:23-CV-145-TBM-RPM, 2023 U.S. Dist. LEXIS 188870 (S.D. Miss. Oct. 20, 2023) (discussed below).[4]

The instant case is most analogous to a recent case in this Court, *Arnesen v. Raimondo*, No. 1:23-CV-145-TBM-RPM (S.D. Miss. July 25, 2023) (ECF 17) (attached hereto as Exhibit 1). In *Arnesen*, Plaintiffs filed several documents with the Court that were signed by a Mississippi-licensed attorney, but also included foreign attorneys' signature blocks along with the notation "pro hac vice application forthcoming." *Id.* The documents, like here, were filed over the course of several weeks in expedited proceedings and occurred both before and during the pendency of

---

[4] *In re Kugel Mesh*, involved a motion to disqualify the same attorney whose egregious conduct was the subject of *In re Williamson*. 2011 U.S. Dist. LEXIS 110026 at *20. Despite his egregious conduct both in that federal case and in *In re Williamson* state proceedings, which strongly suggested he was engaged in the unauthorized practice of law in Mississippi, the Magistrate Judge recommended his *pro hac vice* application be granted. *Id.*

applications for *pro hac vice* admissions. *Id.* Like here, the Court *sua sponte* raised its concerns the applicants may have run afoul of L.U. Civ. R. 83.1(d)(7)(E) but noted that none of the Defendants objected to the foreign attorneys' signature blocks appearing on the filings. *Id.* The Court also noted that the attorneys in *Arnesen* did not affix their signatures to the pleadings. *Id.* The Court concluded the order by granting the foreign attorneys' *pro hac vice* application and cautioned local counsel against signing such pleadings and admonished them and the foreign attorneys to review the "Local Rules for PHV admissions and their respective duties." *Id.* The Court did not suggest that it was considering sanctions and resolved the matter by warning counsel to avoid such filings going forward.

The undersigned counsel respectfully submits that the Court should apply the same approach it adopted in *Arnesen*. Local counsel will not include in any future filings the names of attorneys not yet admitted and will ensure he reviews the local rules on *pro hac vice* admission.

**II.     The Application of *In re Williamson* Appears to Conflict With the Text of L.U. Civ. R. 83.1.**

Plaintiff submits that no further briefing on this issue is necessary. However, in an abundance of caution, in order to preserve its arguments for the record if an appeal becomes necessary, Plaintiff addresses the application of *In re Williamson* in this context.

Plaintiff submits that it is not clear that the interpretation of "appearance" as set forth by the Mississippi Supreme Court in *In re Williamson* has been adopted into this Court's local rules, which contributes to confusion about its application. Plaintiff's counsel acknowledges the individual decisions discussed in Section I, *supra*, but submits that this discussion is focused on the Court's district-wide updates to Local Rules or other public notices, which are distinguishable from individual unpublished decisions.

7

The local rules of this District provide that "[t]he rules of procedure in any proceeding in [the United States District Courts serving the State of Mississippi] are those prescribed by the laws of the United States and the Federal Rules of Civil Procedure, along with these local rules and orders entered by the court." L. U. CIV. R. 1. *In re Williamson* addresses appearances in Mississippi state courts under Miss. R. App. P. 46. *See* 838 So. 2d 226.[5] The definition of "appearance" described in *In re Williamson* has not been explicitly adopted into the text of the local rules or any special or general order of this Court as governing appearances in federal courts located in Mississippi.[6]

To add to the confusion, the characterization of "appearance" in *In re Williamson* may conflict with L.U. CIV. R. 83(b)(1). "Appearances" in federal courts in Mississippi are addressed in L.U. CIV. R. 83.1(b). That rule provides, in part, that every "other paper … must be signed… by *at least one* attorney of record admitted to the general practice of law in the district court in which the action is pending." L.U. CIV. R. 83.1(b)(1) (emphasis added). The "at least one" language suggests that the rule is aimed at ensuring that every pleading has, at a minimum, been signed by one attorney who is admitted in this district. It can also be read to suggest that the rule contemplates that non-admitted attorneys might be listed on pleadings, but demands that they are *signed* by at least one admitted attorney. In any event, the rule does not indicate that non-admitted attorneys are forbidden from having their names appear on documents. Nor does it reference Miss. R. App. P. 46 or the notice issued in *In re Williamson.* Moreover, the text of L. U. CIV. R.

---

[5]   *See Maternally Yours, Inc. v. Your Maternity Shop, Inc.*, 234 F.2d 538, 540-41, n.1 (2d Cir. 1956) (providing that if the source of the right sued upon arises out of federal law then the *Erie* doctrine is inapplicable and federal procedural and substantive law controls).

[6]   *See* Local Rules and Orders, available at https://www.mssd.uscourts.gov/court-info/local-rules-and-orders (last visited May 22, 2024). It does not appear that an update or amendment has been made to the Local Rules to include the standard set forth in *In re Williamson* since it was decided in 2003.

83.1(b)(3), which addresses withdrawals by attorneys, suggests that appearances in this district occur only upon the filing of an entry of appearance and upon becoming "attorney of record." *See* L. U. CIV. R. 83.1(b)(3).[7]

Additionally, the rule noted in the Court's order, L.U. CIV. R. 83.1(d)(7)(E), provides that *pro hac vice* admission may not be granted if the "the applicant had, before the application, filed or appeared in the *federal* court without having secured approval *under these rules*." (emphasis added). On its face, this rule relates to appearances in federal court, and the federal court's rules. Again, it is not clear from the district court's rules that the Mississippi Supreme Court's holding in *In re Williamson* regarding state rules of appellate procedure would govern appearances in federal court. To be clear, the undersigned counsel is *not* suggesting that the district court may not adopt the *In re Williamson* definition of "appearance." Rather, counsel is pointing out that the local rules are not clear on that issue, and therefore any violation of L.U. CIV. R. 83.1(d)(7)(E) in this case was entirely unintentional.[8]

To be sure, this Court "enjoy[s] broad discretion to determine who may practice before it." *United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006); and L.U. Civ. R. 83.1(d)(2). In *Isom v. Valley Forge Ins. Co.*, 716 F. App'x 280, 288 (5th Cir. 2017) (unpublished), the Fifth Circuit Court of Appeals affirmed this Court's decision to deny and revoke the foreign attorneys' *pro hac vice*

---

[7] Likewise, Form 6 (ND/SD Miss. Dec. 2016) "Application for Admission Pro Hac Vice" includes several questions regarding compliance with L.U. CIV. R. 83.1, but does not reference the definition of "appearance" in *In re Williamson*.

[8] To further show the confusion about this issue, Plaintiff submits that there are other cases in this district in which filed documents listed names of foreign attorneys who had not yet filed their application for *pro hac vice* admission, but the standard in *In re Williamson* was not applied. *See, e.g.*, *Disability Rights Mississippi, et al. v. Fitch et al.*, 3:23-cv-00350-HTW-LGI, ECF 1 (May 31, 2023). Plaintiff submits that until there is consistency in the application of *In re Williamson* to appearances in federal court, sanctions against counsel are not appropriate, particularly where the mistake was unintentional.

admissions. But in that case, the offending attorneys waived their arguments by failing to file any response to the objection in the trial court. *Isom* 2016 U.S. Dist. LEXIS 103261 at *4-5.[9] Furthermore, that ruling dealt with the Court's authority to deny or grant *pro hac vice* admissions, rather than the Court's authority to sanction attorneys for failing to comply with the local rules.

Following the entry of the Order to Show Cause, local counsel is now aware of the decisions in this district applying *In re Williamson* in the context of *pro hac vice* applications. Had local counsel been aware of these decisions, he certainly would not have filed documents listing any counsel other than Mississippi-licensed or *pro hac vice* admitted attorneys. Local counsel has changed his practice in this district to comply with *In re Williamson*. Local counsel cannot find any case in in which counsel was sanctioned for failing to comply with *In re Williamson, and he submits respectfully his* good faith error in this case does not warrant sanctions.

## CONCLUSION

For the foregoing reasons, Plaintiff submits that good cause does not exist to sanction local counsel as considered in the Order to Show Cause. ECF 95. As set forth above, Mr. Lee's application for *pro hac* vice admission has been withdrawn.

---

[9] In *Isom*, the Fifth Circuit Court of Appeals also cited L.U. Civ. R. 83.5 (adopting Mississippi Rules of Professional Conduct). Like L.U. Civ. R. 83.1, the text of the Mississippi Rules of Professional Conduct do not adopt the broad definition of "appearance" under *In re Williamson*.

May 23, 2024                                     /s/ Russ Nobile
                                                T. Russell Nobile (MS Bar 100682)
                                                JUDICIAL WATCH, INC.
                                                Post Office Box 6592
                                                Gulfport, Mississippi 39506
                                                Phone: (202) 527-9866
                                                Rnobile@judicialwatch.org