# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION GULFPORT

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; MISSISSIPPI REPUBLICAN PARTY; JAMES PERRY; and MATTHEW LAMB, <br><br> Plaintiffs, <br><br> v. <br><br> JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*; TONI JO DIAZ, BECKY PAYNE, BARBARA KIMBALL, CHRISTENE BRICE, and CAROLYN HANDLER, *in their official capacities as members of the Harrison County Election Commission*; and MICHAEL WATSON, *in his official capacity as the Secretary of State of Mississippi*, <br><br> Defendants, <br><br> VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE OF RETIRED AMERICANS, <br><br> Intervenor-Defendants. | No. 1:24-cv-00025-LG-RPM (Lead Case) <br><br> **RESPONSE TO ORDER TO SHOW CAUSE** |
| LIBERTARIAN PARTY OF MISSISSIPPI, <br><br> Plaintiff, <br><br> v. <br><br> JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County, et al.*, <br><br> Defendants. | No. 1:24-cv-00037-LG-RPM (Consolidated Case) |

**INTRODUCTION**

Undersigned counsel for Plaintiffs in the Lead Case hereby files this response to the Court's Order to Show Cause [Dkt. 93] and thanks the Court for the opportunity to respond.

Undersigned counsel acknowledges that the names and contact information of two non-resident attorneys for Plaintiffs were provided in pleadings signed and filed with the Court by undersigned counsel. Undersigned counsel further acknowledges that doing so constituted an apparent although inadvertent deviation from Local Rule 83.1(d)(7)(E). Undersigned counsel pledges full compliance with the Rule hereafter, in this case and any other future matter before this Court in which he appears and non-resident attorneys are involved.

Undersigned counsel respectfully submits, however, that despite the deviation from Local Rule 83.1(d)(7)(E), sanctions and/or denial of the non-resident attorneys' pro hac vice applications should not be ordered by the Court.

**ARGUMENT**

The only instances in this case to date which could be construed as the non-resident attorneys having appeared before the Court are their names and contact information being provided by undersigned counsel in pleadings as "pending pro hac vice admission." Undersigned counsel alone has signed and filed all pleadings and other documents on behalf of Plaintiffs, filled out and signed the civil cover sheet, secured issuance of summonses from the Clerk, coordinated service of process on the Defendants, signed all certificates of service, communicated on behalf of the Plaintiffs in email correspondence with counsel for all other parties and with Judge Guirola's chambers regarding case scheduling and proposed orders, *etc*. Additionally, when their pro hac vice applications had been pending for almost one month, on March 7, 2024, the non-resident attorneys asked undersigned counsel to inquire with the Court about the status of the

applications—as opposed to the non-resident attorneys reaching out to the Court directly—and undersigned counsel's paralegal did so inquire that same day.[1]

Moreover, the cases cited by the Court in support of its finding that "the applicants appear to have violated the Court's Local Rules regarding PHV admissions" [Dkt. 93], while supporting a deviation from Local Rule 83.1(d)(7)(E), do not support sanctions and/or denial of the pro hac vice applications.

In *Clayton v. City of Oxford*, No. 3:21-cv-174-GHD-JMV, 2021 WL 4699182 (N.D. Miss. Oct. 7, 2021), the Court *denied* a motion to disqualify a non-resident attorney, even though the attorney's name and contact information, like here, were listed on the complaint. The Court explained that while including the non-resident attorney's name and contact information on the complaint "technically constituted an unauthorized appearance under Mississippi law," he "did not sign the document." *Id*. at 2. The Court also emphasized that other than his name being listed on the complaint, the non-resident attorney took no additional acts in furtherance of the complaint. *Id*. at 3. Lastly, the Court noted that the "penalty of disqualification would be disproportionate to the violation in this case, where the objecting party essentially waived the violation" by putting the non-resident attorney on notice of the rule violation but waiting two weeks to file the motion to disqualify. *Id*. "'Motions to be admitted pro hac vice are normally granted in . . . cases [where attorneys file the complaint with their names listed and noting that a motion to be admitted will be filed], but only because no party objects; the rule is considered waived.'" Id. at 3 n.5 (quoting *Reech v. Sullivan*, No. 3:18-cv-35-HSO-LRA, 2018 WL 1698303 (S.D. Miss. April 5, 2018)) (alteration in original).

Again, here, other than undersigned counsel providing their names and contact information on pleadings, the non-resident attorneys took no steps that could be

---

[1] The pro hac applications were filed on February 12, 2024. [Dkts. 9 & 10]. When the paralegal called on March 7, 2024, to inquire, she was directed to a law clerk for the Magistrate Judge. When the paralegal asked if there were any problems with the pro hac vice applications, the law clerk responded that all he could tell her was that the applications were under review by the Court.

construed as having appeared in this matter, and no objection or motion to disqualify them have been filed.

In *Reech v. Sullivan*, No. 3:18-cv-35-HSO-LRA, 2018 WL 1698303 (S.D. Miss. April 5, 2018), the Court granted a motion to disqualify a non-resident attorney, but in that case the non-resident attorney *signed* the complaint and executed notices and requests for waiver of service of process and requested they be returned to his attention. The Court also emphasized, as quoted above by the Court in *Clayton*, that "as a practical matter, [non-resident] attorneys often file the complaint with his or her name listed and noting that a motion to be admitted will be filed" and that such motions are later "normally granted . . . but only because no party objects; the rule is considered waived." *Id.* at 3. The Court explained: "[h]owever, when an objection is made; the Court is reluctant to render the local rule meaningless." *Id.*

Once again, here, other than their names and contact information being provided by undersigned counsel on pleadings, the non-resident attorneys took no actions before the Court, and no party has objected to their names being provided in the pleadings.

In *Isom v. Valley Forge Ins. Co.*, No. 2:16-cv-109-KS-MTP, 2016 WL 4183315 (S.D. Miss. Aug. 5, 2016), the Court granted a motion to disqualify two non-resident attorneys that were listed on the complaint. The Court made clear, however, that a substantial factor in its ruling was the non-resident attorneys and resident attorney essentially conceded the motion:

> Though the Court may have been persuaded to refrain exercising its discretionary authority upon a showing of good cause, [the non-resident and resident attorneys] have filed no response to Defendants' Motion to Disqualify [] or their Motion to Revoke []. They have also filed no reply to Defendants' opposition to [non-resident attorney's] Motion to Appear Pro Hac Vice[]. Absent any effort on the part of the attorneys to excuse their unauthorized practice of law, the Court will deny [non-resident attorney's] Motion to Appear Pro Hac Vice [and] grant Defendants' [Motions].

*Id.* at 2.

4

Other more recent orders issued by federal courts in Mississippi concerning Local Rule 83.1(d)(7)(E) stand against ordering sanctions and denying the non-resident attorneys' pro hac applications in this case. In *Secherest v. City of Lexington*, No. 3:24-cv-34-TSL-MTP, 2024 WL 1639726 (S.D. Miss. April 16, 2024), the Court denied a motion to disqualify a non-resident attorney and granted that attorney's pro hac vice application despite the attorney *signing* the complaint <u>and</u> not seeking pro hac admission until only after the motion to disqualify was filed. Furthermore, the Court denied the motion to disqualify despite having recently issued an order in a separate case directed to the resident attorney in *Secherest* explaining the requirements of Local Rule 83.1(d)(7)(E). *Id.* at 2 n.5. Ultimately, however, the Court decided that because the non-resident attorney signed the complaint only and there were no other actions taken by her that could be construed as making an appearance, disqualification was not warranted. *Id.* at 3.

In *State of Mississippi v. Xavier Becerra*, No. 1:22-cv-113-HSO-RPM (S.D. Miss. August 11, 2023) [Dkt. 107], the Court issued an order granting motions to appear pro hac vice filed for five non-resident attorneys despite the attorneys being listed on two pleadings with the notation "pro hac vice pending." As here, the pleadings in question were signed and filed by a resident attorney. The Court explained its ruling:

> Arguably, by including their names, the attorneys "appeared in federal court" prior to securing PHV admission. The Court nevertheless grants the motions to appear pro hac vice. Although the applicants' names appear on the pleadings, they did not affix their signatures to the pleadings; nor is there any indication that the applicants have otherwise participated in the case. Furthermore, Defendants have not filed an objection or motion to disqualify.

*Id.* at 2.

Likewise, in *Arnesen v. Raimondo*, No. 1:23-cv-145-TBM-RPM (S.D. Miss. July 25, 2023) [Dkt. 17], the Court issued an order granting motions to appear pro hac vice filed for four non-resident attorneys despite the attorneys being listed on five pleadings with the notation "pro hac vice application forthcoming." As here, the pleadings in

question were signed and filed by a resident attorney. The Court explained its ruling exactly as it explained its ruling in *Becerra*. *See supra*.

These orders from the *Becerra* and *Arnesen* cases are on all fours with the facts in this case, and undersigned counsel respectfully requests that the result be the same.

In summary, undersigned counsel presents the above authorities and argument not to downplay or excuse deviation from Local Rule 83.1(d)(7)(E); rather, they are presented as grounds to show why sanctions and denial of the non-resident attorneys' pro hac applications should not be ordered. Ultimately, undersigned counsel requests that his inadvertent deviation from Local Rule 83.1(d)(7)(E) by providing on pleadings the names and contact information of Plaintiffs' non-resident attorneys not result in the Plaintiffs being deprived of the representation of counsel of their choosing.

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully submits there is good cause for not sanctioning him for deviating from Local Rule 83.1(d)(7)(E) and good cause for not denying the non-resident attorneys applications to appear in this matter pro hac vice.

Dated: May 23, 2024                                         Respectfully submitted,

*s/ Spencer M. Ritchie*

Spencer M. Ritchie (MSB #103636)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201
(601) 960-3172
spencer.ritchie@formanwatkins.com

*Counsel for Plaintiffs in*
*Case No. 1:24-cv-25*

6

**CERTIFICATE OF SERVICE**

I certify that on May 23, 2024, the foregoing document was filed on the Court's CM/ECF system, which notifies all counsel of record.

*s/ Spencer M. Ritchie*

Spencer M. Ritchie
*Counsel for Plaintiffs in*
*Case No. 1:24-cv-25*
