**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION GULFPORT**

---

REPUBLICAN NATIONAL COMMITTEE, et al.,

      *Plaintiffs*,

      v.

JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*; et al.,

      *Defendants*,

VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE OF RETIRED AMERICANS,

      *Intervenor-Defendants.*

*---consolidated with---*

LIBERTARIAN PARTY OF MISSISSIPPI,

      *Plaintiffs*,

      v.

JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*; et al.,

      *Defendants.*

No. 1:24-cv-25-LG-RPM

No. 1:24-cv-37-LG-RPM

# TABLE OF CONTENTS

**Page**

I.    PROCEDURAL HISTORY................................................................................ 1

II.    RESPONSE TO ORDER TO SHOW CAUSE ................................................ 3

      A.    Case law does not support imposing sanctions against local counsel. ................. 4

      B.    Nonresident counsel for amici whose *pro hac vice* applications were filed before the amicus brief do not appear to fall within the scope of L.U.Civ.R. 83.1(d)(7)(E). ...................................................................................... 4

      C.    As to all nonresident attorneys' *pro hac vice* applications, case law reveals that sanctions or denials of admission would be disproportionate and unwarranted under the circumstances. ................................................................ 6

            1.    The nonresident attorneys did not sign the amicus brief. ......................... 6

            2.    No party has objected to the nonresident attorneys' applications............. 7

            3.    Counsel for amici will not otherwise participate in this case absent leave of the Court, and their status as amicus counsel distinguishes them from other attorneys. ......................................................................... 8

      D.    The nonresident attorneys reasonably believed that they were not otherwise in violation of Mississippi rules regarding the unauthorized practice of law. ..................................................................................................... 10

III.    CONCLUSION.............................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arnesen v. Raimondo*,
No. 1:23-CV-145-TBM-RPM, 2023 WL 6964762 (S.D. Miss. Oct. 20, 2023) ......................3

*Bing v. Roadway Exp., Inc.*,
485 F.2d 441 (5th Cir. 1973) ..................................................9

*Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*,
471 F. Supp. 2d 295 (W.D.N.Y. 2007) ..................................................9

*Clayton v. City of Oxford, Mississippi*,
No. 321CV00174GHDJMV, 2021 WL 4699182 (N.D. Miss. Oct. 7, 2021) ................. *passim*

*Isom v. Valley Forge Ins. Co.*,
No. 2:16-CV-109-KS-MTP, 2016 WL 4183315 (S.D. Miss. Aug. 5, 2016)...............4, 5, 8, 9

*Kamen v. Kemper Fin. Servs., Inc.*,
500 U.S. 90 (1991)..................................................9

*McDonald v. Trustmark Nat'l Bank*,
Civ. A. No. 3:18-cv-852-DPJ-FKB, ECF No. 19 (Feb. 14, 2019) ..........................6

*Reech v. Sullivan*,
No. 3:18-CV-35-HSO-LRA, 2018 WL 1698303 (S.D. Miss. Apr. 5, 2018)................. *passim*

*Secherest v. City of Lexington*,
No. 3:24-CV-34-TSL-MTP, 2024 WL 1639726 (S.D. Miss. Apr. 16, 2024) .........................7

*Stanley v. Ayers*,
No. 07-CV-04727-EMC, 2021 WL 121191 (N.D. Cal. Jan. 13, 2021)...................................9

*United States v. State of Mich.*,
940 F.2d 143 (6th Cir. 1991) ..................................................9

*In re Williamson*,
838 So. 2d 226 (Miss. 2002)..................................................10

**Other Authorities**

Michael K. Lowman, *The Litigating Amicus Curiae: When Does the Party Begin
After the Friends Leave?*, 41 Am. U. L. Rev. 1243, 1259 (1992) ...........................9

*Pleading*, Black's Law Dictionary (11th ed. 2019) ........................................9

**RESPONSE OF *AMICI CURIAE* DISABILITY RIGHTS MISSISSIPPI
AND LEAGUE OF WOMEN VOTERS OF MISSISSIPPI
TO ORDER TO SHOW CAUSE**

Local counsel for amici curiae Disability Rights Mississippi ("DRMS") and League of Women Voters of Mississippi ("the League") submits this response to the Magistrate Judge's May 9, 2024 Order directing him "to show cause: (1) why he should not be sanctioned for allowing non-Mississippi attorneys to include their names on pleadings prior to obtaining PHV admission; and (2) why applicants' PHV motions should not be denied for failing to comply with Mississippi law regarding unauthorized practice of law and for violating L.U.Civ.R. 83.1(d)(7)(E)." ECF No. 94 at 2.

This is local counsel's first time receiving such a warning from the Court. He regrets not taking a more cautious approach toward the local rules regarding nonresident attorneys, and he assures the Court that he will do so in the future. For the reasons offered in this response, both the text of the local rule and the guidance of relevant case law—including a recent decision from the Magistrate Judge—strongly counsel against imposing sanctions or denying applicants' *pro hac vice* applications. Accordingly, local counsel respectfully asks the Court to conclude that there is good cause to grant the pending applications under the circumstances.

**I.    Procedural History**

On February 21, 2024, Disability Rights Mississippi and the League of Women Voters of Mississippi sought intervention in *RNC v. Wetzel*, No. 1:24-cv-25-LG-RPM. Their intervention motion and accompanying brief in support of that motion were signed only by local counsel, Mr. Tom, and further included the name of one additional resident counsel, Ms. Martin. *See* ECF Nos. 18 & 19.

The next day, February 22, 2024, Mr. Tom filed motions seeking admission *pro hac vice* for Ms. Lakin, Mr. van Leer, and Mr. Rosborough from the American Civil Liberties Union, and paid the associated fees. *See* ECF Nos. 21–23. Those motions still remain pending with the Court.

On March 7, 2024, the Court entered an order denying the intervention motion, but *sua sponte* granting Disability Rights Mississippi and the League of Women Voters of Mississippi leave to file an amicus brief during the expedited summary judgment stage. ECF No. 47 at 10–11. Amici curiae filed their amicus brief on March 26, 2024. The brief was digitally signed only by local counsel Mr. Tom. Below his signature (and without any accompanying signatures), the brief listed resident counsel Ms. Martin, and also listed nonresident attorneys with a notation that each nonresident attorneys' application for admission *pro hac vice* was either forthcoming or already pending.

Shortly thereafter, counsel filed motions for admission *pro hac vice* for Ms. Liu, Ms. Markham-Cameron, and Mr. Merken on April 1, and for Mr. Steiner on April 9. The Court has not yet ruled on those motions, and amici have made no other filings on the docket.

The parties to the litigation finished briefing their cross motions for summary judgment on April 16, 2024. To the best of counsel's knowledge, no party has opposed the *pro hac vice* motions, nor have they objected to nonresident attorneys' names appearing after Mr. Tom's signature on the amicus brief with a qualifying notation about their admission status. On May 9, the Magistrate Judge entered an Order to Show Cause related to including nonresident attorneys' names on the amicus brief, ECF No. 94, as well as two other Show Cause Orders pertaining to nonresident counsel for the litigating parties, *see* ECF Nos. 93, 95.

## II.      Response to Order to Show Cause

Local counsel for amici apologizes for any misinterpretation of the local rules, and he wishes to assure the Court that, despite any oversights, he intended to act in good faith when he disclaimed nonresident attorneys' statuses as pending and forthcoming applicants for *pro hac vice* admission in the amicus brief. This is the first time that a court has warned him about this interpretation of the local rules for nonresident attorney practice, and he will exercise heightened caution in the future when sponsoring a motion for a nonresident attorney to appear *pro hac vice*. The *Reech* court recognized that, "as a practical matter, attorneys often file the complaint [or in this instance, a brief] with his or her name listed and noting that a motion to be admitted will be filed," *Reech v. Sullivan*, No. 3:18-CV-35-HSO-LRA, 2018 WL 1698303, at *3 (S.D. Miss. Apr. 5, 2018), but local counsel recognizes that reliance on common practice alone is not a sufficient justification. Nevertheless, there are numerous factors that distinguish these circumstances from prior instances in which Mississippi courts have found that disqualification or denial of admission were appropriate. Notably, several of these same factors were relied upon by the Magistrate Judge in a recent order granting *pro hac vice* applications under comparable circumstances. *See* Order Granting Motions to Appear Pro Hac Vice, *Arnesen v. Raimondo*, No. 1:23-CV-145-TBM-RPM, ECF No. 80 (Oct. 20, 2023) [hereinafter *Arnesen* Order].[1]

_____

[1] In *Arnesen*, this Court did not impose sanctions against local counsel or nonresident attorneys whose names appeared on filings with a "*pro hac vice* pending" notation, even though it was "not the first time in th[at] case the Local Rules on PHV admissions ha[d] been flouted." *Arnesen v. Raimondo*, No. 1:23-CV-145-TBM-RPM, 2023 WL 6964762, at *2 (S.D. Miss. Oct. 20, 2023). The Court granted those nonresident counsels' *pro hac vice* applications, noting several factors that are relevant here and discussed in detail in this response. *See Arnesen* Order at 1 (finding that "the motions should be granted" because the applicants "did not affix their signatures to the pleadings; nor is there any indication that the applicants have otherwise participated in the case," and "the parties have not filed an objection or motion to disqualify.").

For the reasons that follow, local counsel respectfully asks the Court to find that sanctions against him are not warranted under the circumstances and that nonresident counsel should be granted admission *pro hac vice*.

### A.    Case law does not support imposing sanctions against local counsel.

The Court's Order to Show Cause helpfully points counsel toward several instructive cases on the application of L.U.Civ.R. 83.1(d)(7)(E). As preliminary matter, although a few courts have disqualified nonresident counsel and denied their *pro hac vice* applications in light of more serious violations, none of those cited by the Court appear to have imposed further sanctions on local counsel. *See Reech v. Sullivan*, No. 3:18-CV-35-HSO-LRA, 2018 WL 1698303, at *3–4 (S.D. Miss. Apr. 5, 2018) (denying nonresident counsel's *pro hac vice* application but imposing no sanctions on the local counsel who also signed Plaintiff's complaint); *Isom v. Valley Forge Ins. Co.*, No. 2:16-CV-109-KS-MTP, 2016 WL 4183315, at *3 (S.D. Miss. Aug. 5, 2016), *aff'd*, 716 F. App'x 280 (5th Cir. 2017) (granting motion to disqualify nonresident counsel but declining to impose further "extraordinary remed[ies]"). Recently, this Court granted *pro hac vice* applications under comparable circumstances and did not sanction local counsel but rather "cautioned [local counsel] that pleadings and filings containing the names of counsel who have not yet been admitted pro hac vice should not be signed by local counsel under L.U.Civ.R. 83.1." *Arnesen* Order at 1–2. Local counsel assures the Court that a similar informal warning would be sufficient here.

### B.    Nonresident counsel for amici whose *pro hac vice* applications were filed before the amicus brief do not appear to fall within the scope of L.U.Civ.R. 83.1(d)(7)(E).

The plain text of L.U.Civ.R. 83.1(d)(7)(E) can be reasonably interpreted in a manner that renders it inapplicable to several nonresident counsel for amici. The local rule explains that an application for admission *pro hac vice* "ordinarily should be granted unless the court finds reasons

4

to believe that . . . the applicant had, *before the application*, filed or appeared in the federal court without having secured approval under these rules." L.U.Civ.R. 83.1(d)(7)(E) (emphasis added). On its face, the scope of the rule is limited by the timing of the application itself. It reaches attorneys who make an unapproved appearance *before* filing their *pro hac vice* application, but it does not appear to address an applicant who appears in federal court *after* their application for admission is made but is pending court approval.

This interpretation of the local rule is consistent with its application in the cases cited by the Court in the Order to Show Cause. None involved nonresident counsel whose applications for admission were already pending at the time their names appeared on the filing at issue. *See Clayton v. City of Oxford, Mississippi*, No. 321CV00174GHDJMV, 2021 WL 4699182, at *2 (N.D. Miss. Oct. 7, 2021); *Reech*, 2018 WL 1698303, at *1; *Isom*, 2016 WL 4183315, at *1.

Local counsel filed the motions seeking admission *pro hac vice* for Ms. Lakin, Mr. van Leer, and Mr. Rosborough on February 22, more than a month before the March 26 amicus brief at issue. *See* ECF Nos. 21, 22, 23. Accordingly, although local counsel filed an amicus brief "including their names . . . prior to securing PHV admission," ECF No. 94 at 1–2, it does not necessarily follow that doing so violated L.U.Civ.R. 83.1(d)(7)(E). For this reason, local counsel respectfully asks the Court to grant the *pro hac vice* applications for Ms. Lakin, Mr. Rosborough, and Mr. van Leer, and to conclude that local counsel should not be sanctioned for listing their names on the amicus brief with qualifying notations.

**C.    As to all nonresident attorneys' *pro hac vice* applications, case law reveals that sanctions or denials of admission would be disproportionate and unwarranted under the circumstances.**

The cases cited in the Court's Order to Show Cause identify numerous distinguishing factors that weigh against imposing sanctions or denying admission to nonresident attorneys for amici. In particular, the nonresident attorneys did not sign the amicus brief, no party has objected to their admission, and any violation of the local rules is limited given their status as attorneys for amici who cannot further participate in the case absent leave of the Court.

1.    The nonresident attorneys did not sign the amicus brief.

This Court recently granted the *pro hac vice* applications of similarly situated nonresident attorneys, in part, because "they did not affix their signatures to the pleadings." *Arnesen* Order at 1. Mississippi courts have distinguished between situations in which a nonresident attorney has appended his or her digital signature to a pleading or simply included their name in a pleading signed by the in-state attorney. In *Clayton*, the court concluded that "the sanction of disqualification of counsel is simply not warranted" when the nonresident attorney "did not sign the document." *Clayton*, 2021 WL 4699182, at *2; *see also* Order at 2, *McDonald v. Trustmark Nat'l Bank*, Civ. A. No. 3:18-cv-852-DPJ-FKB, ECF No. 19 (Feb. 14, 2019) (denying motion to disqualify and granting *pro hac vice* admission because, "[w]hile [nonresident counsels'] names appear on the complaint, [local counsel] is the attorney who actually signed it" and the nonresidents "made clear that they intended to file applications for admission *pro hac vice*"). The *Clayton* court was explicit: "The fact that [the nonresident attorney] did not actually sign the complaint distinguishes this case from *Reech v. Sullivan* . . . where the nonresident attorney's name together with his electronic signature appeared on the complaint." *Clayton*, 2021 WL 4699182, at *2 n.3.[2]

_____

[2] Some Mississippi federal courts have even granted *pro hac vice* motions when the nonresident

6

Here, only Mr. Tom appended his digital signature to the amicus brief. Accordingly, amici ask the Court to conclude that "the sanction of disqualification of counsel is simply not warranted" under the circumstances. *Clayton*, 2021 WL 4699182, at *2.

       2.     <u>No party has objected to the nonresident attorneys' applications.</u>

In *Arnesen*, this Court again followed the approach of other Mississippi federal courts and concluded that the denial of *pro hac vice* admission was not warranted when "the parties have not filed an objection or motion to disqualify." *Arnesen* Order at 1. When no party objects to the listing of nonresident attorneys as *pro hac vice* pending or *pro hac vice* forthcoming, "the rule is considered waived" and the "[m]otions to be admitted *pro hac vice* are normally granted." *Reech*, 2018 WL 1698303, at *3;[3] *see also Clayton*, 2021 WL 4699182, at *3 (citing *Reech* and concluding that "the penalty of disqualification would be disproportionate to the violation in this case, where the objecting party essentially waived the violation"). Counsel recognizes the Court's authority to raise questions regarding the local rules *sua sponte*, but it is instructive that in each cited decision where counsel was disqualified, the court's order followed an affirmative objection from other parties. *See Reech*, 2018 WL 1698303, at *3 (granting motion to disqualify and denying motion for admission *pro hac vice* because "an objection [wa]s made"); *Isom*, 2016 WL 4183315,

---

attorney *did* sign the complaint. *See Secherest v. City of Lexington*, No. 3:24-CV-34-TSL-MTP, 2024 WL 1639726, at *2 n.4, *3 (S.D. Miss. Apr. 16, 2024) (denying motion to disqualify and granting *pro hac vice* application despite nonresident counsel's "penned signature appear[ing] on the Complaint" because "[t]he facts in th[e] case are instead more analogous to those at issue in *Clayton*" than in *Reech*).

[3] *Reech* explained that courts "normally grant[]" an application when the rule is waived due to lack of objection, even after that court concluded that the local rule was likely mandatory. *See Reech*, 2018 WL 1698303, at *3. After *Reech* was decided, the local rule was modified to remove the mandatory language and "highlight[] the Court's discretion in such matters." *Secherest*, 2024 WL 1639726, at *3 n.7. This rule change further supports the Court's capacity to grant these applications and decline to impose sanctions under the circumstances.

at *2 (granting motion to disqualify because nonresident counsel failed to make "any effort" to respond to numerous motions objecting to their appearance, even "[t]hough the Court may have been persuaded to refrain from exercising its discretionary authority upon a showing of good cause").

Here, substantial time had passed without objection between the *pro hac vice* motions and the Court's Order to Show Cause—at least a month for all nonresident counsel and as long as two-and-a-half months for some. Instead, the parties signaled their waiver by continuing to brief summary judgment. Thus, precedent suggests that sanctions or denial of *pro hac vice* admission would be disproportionate given the parties' waiver of the local rule.

3.   Counsel for amici will not otherwise participate in this case absent leave of the Court, and their status as amicus counsel distinguishes them from other attorneys.

In *Arnesen*, this Court noted the relevance of the degree to which attorneys "otherwise participated in the case." *Arnesen* Order at 1; *see also Clayton*, 2021 WL 4699182, at *3 & n.4 (distinguishing the case from *Reech* based on the frequency with which the nonresident attorney had actively appeared in the case).

Here, outside the amicus brief and *pro hac vice* motions (and this response), the only filing made by DRMS and the League was an unsuccessful motion to intervene and accompanying brief. As previously noted, the intervention motion and brief were signed by Mr. Tom and included the name of Ms. Martin, who is barred in the state of Mississippi. *See* ECF Nos. 18 & 19.[4] Further,

---

[4] Local counsel did not include the names of any nonresident counsel in the intervention motion or brief that were filed as "main documents" on the docket. Attached to the motion were exhibits styled as a *proposed* motion to dismiss and *proposed* brief in support of dismissal. ECF Nos. 18-3 & 18-4. At the time, local counsel was hopeful that the nonresident attorneys would be admitted as counsel by the time these proposed items were eventually filed, so their names appear with accurate disclaimers of their nonresident status; however, because intervention was ultimately denied, local counsel never had the opportunity to file these proposed exhibits as a motion or brief.

because their intervention was denied, DRMS and the League have an extremely limited role in this litigation. The Court *sua sponte* granted them approval to file one amicus brief, *see* ECF No. 47 at 10–11, but amici would need to seek leave of the Court to have any further involvement.

Moreover, counsel's representation of amici curiae may further distinguish them from the counsel in relevant case law and from other counsel ordered to show cause in this case. Because "'an amicus curiae is not a party to litigation,' . . . they have 'no control over the litigation and no right to institute any proceedings in it, nor can [they] file any pleadings or motions in the case.'" *Stanley v. Ayers*, No. 07-CV-04727-EMC, 2021 WL 121191, at *2 (N.D. Cal. Jan. 13, 2021) (first quoting *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982), then quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005)); *see* ECF No. 47 at 10 ("A *non-party* may submit a brief as an amicus curiae in order to assist the court in reaching a proper decision." (emphasis added) (internal quotation marks omitted)).[5]

---

[5] Courts and scholars appear to largely agree on this point. *See, e.g.*, *United States v. State of Mich.*, 940 F.2d 143, 163-65 (6th Cir. 1991) (denouncing the prior practice of allowing "litigating amicus curiae" and explaining that traditionally an "amicus has been consistently precluded from . . . filing pleadings"); *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007); Michael K. Lowman, *The Litigating Amicus Curiae: When Does the Party Begin After the Friends Leave?*, 41 Am. U. L. Rev. 1243, 1259 (1992) (explaining that "amici curiae, in most instances, have been precluded from filing pleadings" and "generally lack[] party status"). *Cf. Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 97 (1991) (noting that "we do not ordinarily address issues raised only by amici" when "the parties did not litigate [the] question"); *Bing v. Roadway Exp., Inc.*, 485 F.2d 441, 452 (5th Cir. 1973) ("As amicus curiae the Government cannot control the course of this litigation to the extent of requesting individual relief not requested by anyone else." (citing 1B Moore's Federal Practice ¶ 0.411[6], p. 1551)).

The case law provided by the Court's Order to Show Cause applies L.U.Civ.R. 83.1(d)(7)(E) to nonresident *party* counsel who signed their names to a *pleading*.[6] Because the rule does not define "appearance," these courts adopt a Mississippi Supreme Court case that expressly "narrow[ed] the definition of making an appearance" to situations in which "the foreign attorney signs the pleadings or allows his or her name to be listed on the pleadings" or "physically appear[s]" at certain proceedings. *In re Williamson*, 838 So. 2d 226, 235 (Miss. 2002); *see also* ECF No. 94 ("By including their names on the pleading in question, the applicants appear to have violated the Court's Local Rules regarding PHV admissions.").

This is not meant to suggest that the local rule does not apply to amicus counsel. The circumstances posed, however, by nonresident attorneys for amici curiae at the very least raise legitimate questions about whether prior federal case law or Mississippi's definition of an "appearance" squarely applies. Although counsel should have exercised a more cautious approach, out-of-state counsels' status as representatives of non-parties who cannot file pleadings further weighs in favor of a more lenient approach.

**D.**  **The nonresident attorneys reasonably believed that they were not otherwise in violation of Mississippi rules regarding the unauthorized practice of law.**

In addition to the above reasons, the Court should find that there was good cause for the nonresident attorneys to believe they were not otherwise in violation of Mississippi's Rules of

---

[6] *See Clayton*, 2021 WL 4699182, at *3 ("Mr. Bryant's allowing his name to appear on the complaint technically constituted an unauthorized appearance under Mississippi law."); *Reech*, 2018 WL 1698303, at *2 ("[T]he inclusion of Attorney Most's electronic signature on the complaint constitutes an 'appearance' under [Mississippi Supreme Court] authority."); *Isom*, 2016 WL 4183315, at *2 (applying the rule to names on a complaint because they are "on the pleadings"); *see also Pleading*, Black's Law Dictionary (11th ed. 2019) ("In federal civil procedure, the main pleadings are the plaintiff's complaint and the defendant's answer.").

Professional Conduct regarding the unauthorized practice of law. Rule 5.5 states, in relevant part, that

> [a] lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on temporary basis in Mississippi that: (1) are undertaken in association with a lawyer who is admitted to practice in Mississippi and who actively participates in the matter; [or] (2) are in or reasonably related to a pending or potential proceeding before a tribunal in Mississippi or in another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized . . . .

Miss. R. Prof. Cond. 5.5(c)(1)–(2). All actions of nonresident counsel were "undertaken in association with" Mr. Tom and Ms. Martin, who are "admitted to practice in Mississippi and who actively participate[d] in the matter." *Id.* Further, all such actions were "in or reasonably related to a pending . . . proceeding before a tribunal in Mississippi" and—given the presumption that *pro hac vice* applications ordinarily should be granted—they "reasonably expect[ed] to be . . . authorized" to appear in the proceeding. *Id.* This further counsels against sanctions and in favor of granting nonresident counsels' *pro hac vice* applications.

## III. Conclusion

Local counsel regrets that he did not take a more cautious approach toward the local rules regarding nonresident attorneys, and he assures the Court that he will do so in the future. For the reasons stated in this response, counsel respectfully urges the Court to conclude that sanctions are unwarranted under the circumstances and that applicants' *pro hac vice* applications should be granted.

Dated:  May 23, 2024                    Respectfully submitted,

                                        */s/ Joshua Tom*_____
                                        Joshua Tom (Miss. Bar No. 105932)
                                        AMERICAN CIVIL LIBERTIES UNION
                                        OF MISSISSIPPI
                                        P.O. Box 2242
                                        Jackson, MS 39225
                                        (601) 354-3408
                                        JTom@aclu-ms.org

                                        *Counsel for Amici Curiae Disability Rights*
                                        *Mississippi and League of Women Voters of*
                                        *Mississippi*

**CERTIFICATE OF SERVICE**

I certify that on May 23, 2024, the foregoing document was filed on the Court's CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Joshua Tom _____

Joshua Tom

*Counsel for Amici Curiae Disability Rights Mississippi and League of Women Voters of Mississippi*

13